## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                            )
UNITED STATES OF AMERICA, ex rel.           )
JOHN M. GREABE,                             )
                                            )
        Plaintiffs,              )
                                            )
   v.                                   )    Civil Action No. 04-11355-MEL
                                            )
BLUE CROSS BLUE SHIELD ASSOCIATION          )
and                                         )
ANTHEM BLUE CROSS BLUE SHIELD               )
OF NEW HAMPSHIRE,                           )
                                            )
        Defendants.              )
_____)

## DEFENDANT BLUE CROSS AND BLUE SHIELD ASSOCIATION'S
## ANSWER TO SECOND AMENDED COMPLAINT

Defendant Blue Cross and Blue Shield Association ("BCBSA") answers the relator

John M. Greabe's (the "Relator") Second Amended Complaint as follows:

     1.     Admitted that this is an action under the False Claims Act and that the

allegations involve a contract between BCBSA and the United States Office of Personnel

Management ("OPM").  The remaining allegations are denied.

     2.     The allegations constitute legal conclusions to which no response is required;

to the extent they are deemed allegations of fact, they are denied.

     3.     Admitted that Contract CS 1039 was entered into pursuant to the Federal

Employees Health Benefits Act, 5 U.S.C. §§ 8901-8914 ("FEHBA").  The remaining

allegations constitute legal conclusions and the Relator's characterization of this case, to

717667.1

which no response is required; to the extent they are deemed allegations of fact, they are denied.

4.    Denied for lack of information sufficient to form a response.

5.    The first sentence is denied for lack of information sufficient to form a response. Admitted that the federal government offers its employees a choice of health insurance plans. Admitted that during the relevant time period, the Relator was enrolled in the Blue Cross and Blue Shield Service Benefit Plan's Standard Option for "Self and Family." The remaining allegations are denied.

6.    Admitted that the BCBSA is an association of independent, locally operated Blue Cross and/or Blue Shield entities that are sometimes referred to as "Member Plans," "Local Plans" or "Blue Plans." The remaining allegations in the first sentence are denied. The allegations in the second and third sentence are admitted.

7.    Admitted that since 1960, BCBSA has contracted with OPM (or a predecessor) to be the carrier of the Service Benefit Plan. Admitted that the Service Benefit Plan is administered locally by participating Blue Cross and/or Blue Shield plans.

8.    Denied.

9.    Denied.

10.    Denied.

11.    The allegations constitute legal conclusions to which no response is required.

12.    The allegations constitute legal conclusions to which no response is required.

717667.1

13.    The allegations in the first sentence constitute legal conclusions to which no response is required; to the extent they are deemed allegations of fact, they are denied.  The remaining allegations are denied for lack of information sufficient to form a response.

14.    Admitted that the Government declined to intervene in this case.  The remaining allegations in the first sentence are denied for lack of information sufficient to form a response.  The allegations in the second sentence are admitted.

15.    Denied.

16.    Admitted that since 1960, BCBSA, on behalf of local Blue Cross and/or Blue Shield entities, has contracted with OPM (or a predecessor) to be the carrier of the Service Benefit Plan.

17.    The allegations in the first sentence are admitted to the extent supported by the contract, which is the best evidence of its contents; otherwise denied.

18.    Admitted to the extent supported by the contract, which is the best evidence of its contents; otherwise denied.

19.    Admitted that the Service Benefit Plan is a "fee-for-service" health plan offered to federal employees pursuant to FEHBA; otherwise denied.

20.    The allegations in the first sentence are admitted to the extent supported by the contract, which is the best evidence of its contents; otherwise denied.  The allegations in the second sentence are admitted.

21.    The allegations constitute legal conclusions to which no response is required; to the extent they are deemed allegations of fact, they are denied.

717667.1

22.     Admitted that from at least 1999 to the present OPM has contracted with BCBSA, on behalf of local Blue Cross and/or Blue Shield entities, to be the carrier of the Service Benefit Plan pursuant to FEHBA.

23.     The allegations constitute legal conclusions to which no response is required; to the extent they are deemed allegations of fact, admitted to the extent supported by FEHBA and OPM's regulations, which are the best evidence of their contents; otherwise denied.

24.     The allegations constitute legal conclusions to which no response is required; to the extent they are deemed allegations of fact, admitted to the extent supported by FEHBA and OPM's regulations, which are the best evidence of their contents; otherwise denied.

25.     The allegations constitute legal conclusions to which no response is required; to the extent they are deemed allegations of fact, admitted to the extent supported by FEHBA and OPM's regulations, which are the best evidence of their contents; otherwise denied.

26.     The allegations constitute legal conclusions to which no response is required; to the extent they are deemed allegations of fact, admitted to the extent supported by FEHBA and OPM's regulations, which are the best evidence of their contents; otherwise denied.

27.     The allegations are admitted to the extent supported by the contract, which is the best evidence of its contents; otherwise denied.

28.     The allegations are admitted to the extent supported by the contract, which is the best evidence of its contents; otherwise denied.

29.     The allegations are admitted to the extent supported by the contract, which is the best evidence of its contents; otherwise denied.

717667.1

30.     The allegations are admitted to the extent supported by the contract and the Federal Acquisition Regulations, which are the best evidence of their contents; otherwise denied.

31.     Denied for lack of information sufficient to form a response.

32.     Denied for lack of information sufficient to form a response.

33.     Denied for lack of information sufficient to form a response.

34.     Denied for lack of information sufficient to form a response.

35.     Denied for lack of information sufficient to form a response.

36.     Denied for lack of information sufficient to form a response.

37.     Denied for lack of information sufficient to form a response.

38.     Denied for lack of information sufficient to form a response.

39.     The first clause of the first sentence is admitted to the extent supported by the contract between OPM and BCBSA (including the incorporated Statement of Benefits) which is the best evidence of its contents; otherwise denied.  The remaining allegations are denied for lack of information sufficient to form a response.

40.     The allegation that Anthem Blue Cross Blue Shield of New Hampshire ("ANH") is BCBSA's agent constitutes a legal conclusion to which no response is required. The remaining allegations are denied for lack of information sufficient to form a response.

41.     Denied for lack of information sufficient to form a response.

42.     The allegation that ANH is BCBSA's agent constitutes a legal conclusion to which no response is required.  The remaining allegations are denied for lack of information sufficient to form a response.

717667.1

43.     Denied for lack of information sufficient to form a response.

44.     Denied for lack of information sufficient to form a response.

45.     Denied for lack of information sufficient to form a response.

46.     Denied for lack of information sufficient to form a response.

47.     Denied for lack of information sufficient to form a response.

48.     Admitted that Mary Babineau prepared an evaluation dated April 12, 2000, the terms of which speak for themselves.  The remaining allegations are denied for lack of information sufficient to form a response.

49.     The allegation that ANH is BCBSA's agent constitutes a legal conclusion to which no response is required.  The remaining allegations are denied for lack of information sufficient to form a response.

50.     Admitted that the Relator sent to ANH a request (along with supporting documentation) for outpatient precertification for speech therapy for this son.  The allegation that ANH is BCBSA's agent constitutes a legal conclusion to which no response is required. The remaining allegations are denied for lack of information sufficient to form a response.

51.     The allegations in all but the last sentence are admitted to the extent supported by the letter, which is the best evidence of its contents; otherwise denied.  The last sentence is denied for lack of information sufficient to form a response.

52.     The allegation that ANH is BCBSA's agent constitutes a legal conclusion to which no response is required.  The remaining allegations are denied for lack of information sufficient to form a response.

53.     Denied for lack of information sufficient to form a response.

717667.1

54.     Denied for lack of information sufficient to form a response.

55.     The allegation that ANH is BCBSA's agent constitutes a legal conclusion to which no response is required.  The remaining allegations are denied for lack of information sufficient to form a response.

56.     The allegation that ANH is BCBSA's agent constitutes a legal conclusion to which no response is required.  The remaining allegations are denied for lack of information sufficient to form a response.

57.     Admitted to the extent supported by the Relator's letter dated October 2, 2000, which is the best evidence of its contents; otherwise denied.

58.     The allegation that ANH is BCBSA's agent constitutes a legal conclusion to which no response is required.  The remaining allegations in the first sentence are admitted to the extent supported by ANH's letter dated October 26, 2000, which is the best evidence of its contents; otherwise denied.  The allegations in the second sentence are denied.

59.     Admitted to the extent supported by ANH's letter dated October 26, 2000, which is the best evidence of its contents; otherwise denied.

60.     Admitted to the extent supported by the Relator's letter dated January 10, 2001, which is the best evidence of its contents; otherwise denied.

61.     Admitted that in or about March 2001 OPM directed that benefits for the Relator's son's 1999 speech therapy sessions be paid.  The remaining allegations in the first sentence are denied.  The allegations in the second sentence are admitted to the extent supported by ANH's letter dated April 9, 2001, which is the best evidence of its contents; otherwise denied.

717667.1

62.     The allegations constitute legal conclusions and the Relator's characterization of OPM's determination to which no response is required; to the extent they are deemed allegations of fact, they are admitted to the extent supported by OPM's letter dated March 8, 2001, and the record before OPM, which are the best evidence of their contents; otherwise denied.

63.     Denied for lack of information sufficient to form a response.

64.     The allegation that ANH is BCBSA's agent constitutes a legal conclusion to which no response is required.  The remaining allegations are denied for lack of information sufficient to form a response.

65.     The allegation that ANH is BCBSA's agent constitutes a legal conclusion to which no response is required.  The remaining allegations are denied for lack of information sufficient to form a response.

66.     Denied for lack of information sufficient to form a response.

67.     Denied for lack of information sufficient to form a response.

68.     Denied for lack of information sufficient to form a response.

69.     Denied for lack of information sufficient to form a response.

70.     Denied for lack of information sufficient to form a response.

71.     Denied for lack of information sufficient to form a response.

72.     Denied for lack of information sufficient to form a response.

73.     The allegations in the first sentence are denied for lack of information sufficient to form a response.  The allegation in the second sentence are denied for lack of information sufficient to form a response.

717667.1

74.     Denied for lack of information sufficient to form a response.

75.     Denied for lack of information sufficient to form a response.

76.     The allegations constitute legal conclusions and the Relator's characterization, to which no response is required.

77.     Admitted to the extent supported by the ICD-9-CM, which is the best evidence of its contents; otherwise denied.

78.     Admitted to the extent supported by the ICD-9-CM, which is the best evidence of its contents; otherwise denied.

79.     Admitted to the extent supported by the ICD-9-CM, which is the best evidence of its contents; otherwise denied.

80.     Admitted to the extent supported by the ICD-9-CM, which is the best evidence of its contents; otherwise denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Admitted to the extent supported by FEHBA, OPM's regulations, and the contract between OPM and BCBSA (including the incorporated Statement of Benefits) which are the best evidence of their contents; otherwise denied.

85.     Admitted to the extent supported by OPM's regulations, which are the best evidence of their contents; otherwise denied.

717667.1

86.    Admitted to the extent supported by the contract between OPM and BCBSA (including the incorporated Statement of Benefits) which is the best evidence of its contents; otherwise denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Admitted to the extent supported by FEHBA, OPM's regulations, and the contract between OPM and BCBSA, which are the best evidence of their contents; otherwise denied.

93.    The allegations constitute legal conclusions and the Relator's characterization of this case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    BCBSA incorporates its answers to paragraphs 1 through 97 above.

99.    Denied.

100.    Denied.

101.    BCBSA incorporates its answers to paragraphs 1 through 100 above.

717667.1

102.    Denied.

103.    Denied.

## FIRST AFFIRMATIVE DEFENSE

The Relator's claims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

All or portions of the Relator's claims are barred pursuant to the provisions of 31 U.S.C. § 3730(e)(4).

## THIRD AFFIRMATIVE DEFENSE

The Relator's claims are preempted or otherwise precluded by FEHBA.

## FOURTH AFFIRMATIVE DEFENSE

The Relator's claims are barred by sovereign immunity.

## FIFTH AFFIRMATIVE DEFENSE

The Relator's claims are barred by official immunity.

## SIXTH AFFIRMATIVE DEFENSE

All or portions of the Relator's claims are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

The Relator may not have met the procedural requirements necessary to file this action against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

The United States has not suffered any injury or damages as a result of the actions allegedly taken by Defendants.

## NINTH AFFIRMATIVE DEFENSE

717667.1

An award of damages and/or penalties (if any) greater than any damages actually sustained by the United States would be unconstitutional because such award of damages and/or penalties would violate the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution.

### TENTH AFFIRMATIVE DEFENSE

The United States failed to mitigate its damages, if any, and any recovery in this case should be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

The United States, and therefore the Relator, waived any right or ability to assert this action, in whole or in part, against defendants or to seek damages from defendants relating to the facts alleged in the Second Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

The United States, and therefore the Relator, is estopped from asserting this action, in whole or in part, against defendants and from seeking damages from defendants relating to the facts alleged in the Second Amended Complaint.

WHEREFORE, BCBSA demands that a Judgment be entered in its favor, that the Relator take nothing by virtue of his Second Amended Complaint, that this Court award BCBSA its costs of suit including attorneys' fees, and that this Court award BCBSA such other relief as this Court deems just and proper.

717667.1

Dated:  March 26, 2007                    Respectfully submitted,

/s/      Nicholas J. Nesgos
Nicholas J. Nesgos, BBO No. 553177
nnesgos@pbl.com
Jennifer Finger, BBO No. 641830
jfinger@pbl.com
Posternak Blankstein & Lund LLP
Prudential Tower, 800 Boylston Street
Boston, Massachusetts  02199-8004
Telephone:  (617) 973-6100
Fax:  (617) 367-2315


/s/      Adam Feinberg
Anthony F. Shelley
ashelley@milchev.com
Adam P. Feinberg
afeinberg@milchev.com
Miller & Chevalier Chartered
655 15th St., NW
Suite 900
Washington, DC  20005
Telephone:  (202) 626-6800
Fax:  (202) 628-0858

*Counsel for Defendant Blue Cross and Blue Shield Association*

717667.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused the foregoing Defendant Blue Cross and Blue Shield Association's Answer to Second Amended Complaint to be served electronically on the following on this 26th day of March, 2007

        Richard McNamara, Esquire
        Stephanie A. Bray, Esquire
        Wiggin & Nourie, P.A.
        670 North Commercial Street, Suite 305
        P.O. Box 808
        Manchester, New Hampshire  03105-0808

        Patricia M. Connolly, Esquire
        Assistant United States Attorney
        1 Courthouse Way
        Suite 9200
        Boston, Massachusetts  02210

        Michael F. Hertz, Esquire
        Joyce R. Branda, Esquire
        Tracy L. Hilmer, Esquire
        U.S. Department of Justice
        Civil Division
        P.O. Box 261
        Ben Franklin Station
        Washington, D.C.  20044

        Michael J. Tuteur, Esquire
        Lawrence M. Kraus, Esquire
        Foley & Lardner LLP
        111 Huntington Avenue
        Boston, Massachusetts  02199

                /s/      Adam P. Feinberg
                Adam P. Feinberg