UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. JOHN M. GREABE,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD<br>ASSOCIATION and ANTHEM BLUE<br>CROSS BLUE SHIELD OF NEW<br>HAMPSHIRE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-11355-MEL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ANSWER OF DEFENDANT
<u>ANTHEM BLUE CROSS BLUE SHIELD OF NEW HAMPSHIRE</u>

  Defendant Anthem Blue Cross Blue Shield of New Hampshire ("Anthem") hereby answers the Second Amended Complaint (the "Complaint") of Relator John M. Greabe by correspondingly numbered paragraphs, as follows.

  1. This paragraph states legal conclusions to which no response is required. To the extent that this paragraph sets forth factual allegations relating to Anthem, Anthem denies the same.

  2. This paragraph states legal conclusions to which no response is required. To the extent that this paragraph sets forth factual allegations relating to Anthem, Anthem denies the same.

  3. This paragraph sets forth Relator's theory of the case, and as such no response is required. To the extent that this paragraph sets forth factual allegations, Anthem denies the same, except that it admits that Contract CS 1039 was entered into pursuant to the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901-8914 ("FEBHA").

- 2 -

4.  Anthem is without sufficient knowledge or information to form a belief as to truth of the allegations contained in this paragraph.

5.  Anthem is without sufficient knowledge or information to form a belief as to truth of the allegations contained in this paragraph, except that Anthem admits that the federal government offers its employees a choice of health insurance plans.

6.  Anthem admits that the Association is the trade association for the independent, locally operated Blue Cross and Blue Shield Companies, admits that these companies are at times referred to as "Member Plans," "Local Plans" or "Blue Plans," and otherwise denies the remaining allegations in the first sentence. Anthem admits the allegations in the second and third sentences of this paragraph.

7.  Anthem is without sufficient knowledge or information to form a belief as to truth of the allegations contained in the first sentence of this paragraph, and admits the allegations contained in second sentence.

8.  Anthem denies the allegations contained in this paragraph.

9.  Anthem admits that it is the Local Plan serving, *inter alia*, federal Service Benefit Plan enrollees in New Hampshire, and denies any remaining allegations contained in this paragraph.

10. This paragraph states legal conclusions to which no response is required.

11. This paragraph states legal conclusions to which no response is required.

12. This paragraph states legal conclusions to which no response is necessary.

13. This first sentence states legal conclusions to which no response is necessary. Anthem is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

- 3 -

14. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except that Anthem admits that the Government notified the Court that it would not intervene, and that subsequently the case was ordered unsealed.

15. Anthem denies the allegations contained in this paragraph.

16. Anthem admits that the Association has contracted with OPM pursuant to Contract CS 1039, and is without knowledge and information sufficient to form a belief as to the remaining allegations contained in this paragraph.

17. The allegations in this paragraph purport to characterize the terms of the Contract CS 1039, the terms of which speak for themselves. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

18. The allegations in this paragraph purport to characterize the terms of the Contract CS 1039, the terms of which speak for themselves. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

19. Anthem admits the allegations contained in this paragraph, except that it is without knowledge or information sufficient to form a belief as to what is meant by "correspondingly."

20. This paragraph states conclusions of law, to which no response is required, and purports to paraphrase the terms of a contract, the terms of which speak for themselves. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same. Answering further, Anthem states that "medically necessary" is a contractual term defined, *inter alia*, within the Service Benefit Plan brochure.

BOST_228196.5

21. This paragraph states legal conclusions to which no response is required. To the extent that this paragraph sets forth factual allegations, Anthem denies the same.

22. Anthem admits that from at least 1999 to the present OPM has contracted with BCBSA to be a carrier of the Service Benefit Plan pursuant to FEHBA, and denies that the Association is the only entity with whom OPM contracted to administer the FEBHA insurance program.

23. This paragraph sets forth legal conclusions to which no response is required. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

24. This paragraph sets forth legal conclusions to which no response is required. To the extent that Relator characterizes the applicable statutory or regulatory provisions incorrectly or out of context, Anthem denies the same.

25. This paragraph sets forth legal conclusions to which no response is required. To the extent that Relator characterizes the applicable statutory or regulatory provisions incorrectly or out of context, Anthem denies the same.

26. This paragraph sets forth legal conclusions to which no response is required. To the extent that Relator characterizes the applicable statutory or regulatory provisions incorrectly or out of context, Anthem denies the same.

27. The allegations in this paragraph purport to characterize the terms of the Contract CS 1039, the terms of which speak for themselves. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

- 5 -

28. The allegations in this paragraph purport to characterize the terms of the Contract CS 1039, the terms of which speak for themselves. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

29. The allegations in this paragraph purport to characterize the terms of the Contract CS 1039, the terms of which speak for themselves. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

30. The allegations in this paragraph purport to characterize the terms of the Contract CS 1039, the terms of which speak for themselves. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

31. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

32. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

33. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

34. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

35. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

36. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

37. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

BOST_228196.5

38.  Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph, except Anthem admits that Relator submitted claims for services rendered in November and December 1999 for a total cost of $280.00.

39.  The allegations in the first sentence purports to characterize the terms of the 1999 Service Benefit Plan, which speak for themselves.  To the extent that Relator characterizes the terms incorrectly or out of context, Anthem denies the same.  Answering further, Anthem admits that speech therapy services are not covered benefits under the Service Benefit Plan unless they are "medically necessary," as that term is defined, *inter alia*, in the Service Benefit Plan brochure.  Anthem is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in this paragraph.

40.  Anthem admits that in or about December 1999 or January 2000 it received a claim for reimbursement and supporting documentation from Relator or Relator's wife.  Anthem is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in this paragraph, except that Anthem denies that the documentation provided established that the speech therapy was in its determination "medically necessary," as that term is used within the Service Benefit Plan.  Answering further, Anthem states that the allegation that it was the "Association's agent" states a legal conclusion to which no response is required.

41.  Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

42.  Anthem admits that at various times, it received written communications from providers regarding Relator's son, the terms of which speak for themselves.  To the extent that Relator characterizes these communications incorrectly or out of context, Anthem denies the

BOST_228196.5

same.  Anthem is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in this paragraph.  Answering further, Anthem states that the allegation that it was the "Association's agent" states a legal conclusion to which no response is required.

43. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

44. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

45. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

46. Anthem admits that it received a February 2000 Speech and Language Evaluation from the Concord Developmental Preschool, the terms of which speak for themselves.  To the extent that Relator characterizes the terms incorrectly or out of context, Anthem denies the same.  Anthem is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in this paragraph.

47. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

48. Anthem admits that it received an April 12, 2000 evaluation from Mary Babineau, the terms of which speak for themselves.  To the extent that Relator characterizes the terms incorrectly or out of context, Anthem denies the same.  Anthem is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in this paragraph.

49. Anthem admits that it received a written communication dated May 29, 2000 from Dr. Patrick Carroll, the terms of which speak for themselves. To the extent that Relator characterizes these terms incorrectly or out of context, Anthem denies the same. Answering further, Anthem states that the allegation that it was the "Association's agent" states a legal conclusion to which no response is required.

50. Anthem admits that Relator, or persons purportedly acting on behalf of Relator, sought pre-certification of benefits for certain services. Answering further, Anthem states that the allegation that it was the "Association's agent" states a legal conclusion to which no response is required. Anthem is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in this paragraph.

51. The allegations in this paragraph purport to characterize the terms of the May 30, 2000 letter from Dr. LaFleur, the terms of which speak for themselves. To the extent that Relator characterizes the letter incorrectly or out of context, Anthem denies the same. Answering further, Anthem states that it is without knowledge or information sufficient to form a belief as the truth of the allegations contained in the last sentence of this paragraph.

52. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Answering further, Anthem states that the allegation that it was the "Association's agent" states a legal conclusion to which no response is required.

53. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

54. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph.

BOST_228196.5

55. Anthem admits that at some point it informed Relator that the claim for the April 12, 2000 assessment was allowed, states that the allegation that it was the "Association's agent" states a legal conclusion to which no response is required, and responds that it is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in this paragraph.

56. Anthem is without knowledge or information sufficient to form a belief as the truth of the allegations contained in this paragraph. Answering further, Anthem states that the allegation that it was the "Association's agent" states a legal conclusion to which no response is required.

57. Anthem admits that Relator requested that Anthem reconsider denials by letter dated October 2, 2000. Answering further, Anthem states that the allegations in this paragraph purport to characterize the terms of the October 2, 2000 letter, the terms of which speak for themselves. To the extent that Relator characterizes the letter incorrectly or out of context, Anthem denies the same.

58. Anthem admits that its Senior Customer Service Representative Kelly Feeny sent a letter to Relator dated October 26, 2000. Answering further, Anthem states that the allegations in this paragraph purport to characterize the terms of the October 26, 2000 letter, the terms of which speak for themselves. To the extent that Relator characterizes the letter incorrectly or out of context, Anthem denies the same. Answering further, Anthem states that the allegation that it was the "Association's agent" states a legal conclusion to which no response is required.

59. Anthem states that the allegations in this paragraph purport to characterize the terms of the October 26, 2000 letter, the terms of which speak for themselves. To the extent that Relator characterizes the letter incorrectly or out of context, Anthem denies the same.

60. Anthem admits that Relator appealed the denials by letter dated January 10, 2001, the terms of which speak for itself, and is without sufficient knowledge or information to form a belief as to truth of the remaining allegations contained in this paragraph.

61. Anthem admits that OPM reversed the denials of coverage, but it is without sufficient knowledge or information to form a belief as to truth of the allegation that this occurred on March 5, 2001. Answering further, Anthem states that this allegation purports to state the terms of a communication from OPM, the terms of which speak for themselves. Anthem admits that Feeny sent Relator a letter to Relator dated April 9, 2001, the terms of which speak for themselves. To the extent that Relator characterizes the provisions of these written communications incorrectly or out of context, Anthem denies the same.

62. Anthem is without sufficient knowledge or information to form a belief as to truth of the allegations contained in this paragraph. Answering further, Anthem states that the allegations in this paragraph appear to purport to characterize the terms of a document, the terms of which speak for themselves.

63. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

64. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Answering further, Anthem states that the allegation that it was the "Association's agent" states a legal conclusion to which no response is required.

65. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Answering further, Anthem states that the

BOST_228196.5

allegation that it was the "Association's agent" states a legal conclusion to which no response is required.

66. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

67. Anthem denies that the denials of Relator's son's speech therapy claims were required under "Guidelines" issued by BCBSA, and states that the claims were denied because, after consideration, they were determined not to be medically necessary within the meaning of the Service Benefit Plan. Anthem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

68. Anthem states that the allegations in this paragraph purport to characterize the terms of a document, the terms of which speak for themselves. To the extent that Relator characterizes the letter incorrectly or out of context, Anthem denies the same. Anthem is without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in this paragraph.

69. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

70. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

71. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

72. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

BOST_228196.5

73. Anthem admits that it provided reimbursement for all of Relator's son's speech therapy claims, and is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph.

74. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

75. Anthem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

76. The allegations in this paragraph are not directed to Anthem and state legal conclusions and/or purport to characterize documents, the terms of which speak for themselves, and Anthem is under no obligation to respond to the same.

77. The allegations in this paragraph are not directed to Anthem and state legal conclusions and/or purport to characterize documents, the terms of which speak for themselves, and Anthem is under no obligation to respond to the same. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

78. The allegations in this paragraph are not directed to Anthem and state legal conclusions and/or purport to characterize documents, the terms of which speak for themselves, and Anthem is under no obligation to respond to the same. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

79. The allegations in this paragraph are not directed to Anthem and state legal conclusions and/or purport to characterize documents, the terms of which speak for themselves, and Anthem is under no obligation to respond to the same. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

BOST_228196.5

80. The allegations in this paragraph are not directed to Anthem and state legal conclusions and/or purport to characterize documents, the terms of which speak for themselves, and Anthem is under no obligation to respond to the same. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

81. Anthem denies that a determination of whether any therapy is "medically necessary" as that term is used in the Service Benefit Plan can be made based on the vague allegations set forth in this paragraph, and denies the remaining allegations contained therein.

82. Anthem denies the allegations contained in this paragraph.

83. Anthem denies the allegations contained in this paragraph.

84. Anthem states that the allegations in this paragraph purport to characterize the terms of a contract, the terms of which speak for themselves, or state legal conclusions to which no response is required. To the extent that Relator characterizes the contract incorrectly or out of context, Anthem denies the same.

85. This paragraph states legal conclusions to which no response is required. To the extent that Relator characterizes the provisions incorrectly or out of context, Anthem denies the same.

86. Anthem states that the allegations in this paragraph purport to characterize the terms of a contract, the terms of which speak for themselves, or state legal conclusions to which no response is required. To the extent that Relator characterizes the contract incorrectly or out of context, Anthem denies the same.

87. Anthem denies the allegations contained in this paragraph.

88. To the extent that the allegations in this paragraph are directed to Anthem, Anthem denies the same. Answering further, Anthem states that any allegation that it was the "agent" of the Association states a legal conclusion to which no response is required.

89. To the extent that the allegations in this paragraph are directed to Anthem, Anthem denies the same. Answering further, Anthem states that any allegation that it was the "agent" of the Association states a legal conclusion to which no response is required.

90. To the extent that the allegations in this paragraph are directed to Anthem, Anthem denies the same. Answering further, Anthem states that any allegation that it was the "agent" of the Association states a legal conclusion to which no response is required.

91. This allegation is not directed to Anthem, and Anthem has no obligation to respond to the same. To the extent that the allegations in this paragraph are directed to Anthem, Anthem denies the same.

92. Anthem states that the allegations in this paragraph purport to characterize the terms of a document, the terms of which speak for themselves, or state legal conclusions to which no response is required. To the extent that Relator characterizes the document incorrectly or out of context, Anthem denies the same. Answering further, Anthem states that any allegation that it was the "agent" of the Association states a legal conclusion to which no response is required.

93. Anthem denies the allegations contained in this paragraph. Answering further, Anthem states that this paragraph states legal conclusions to which no response is required.

94. Anthem denies the allegations contained in this paragraph, and states that any allegation that it is the Association's "agent" states a legal conclusion to which no response is required.

BOST_228196.5

95. Anthem denies the allegations contained in this paragraph, except that it states that any allegation that it is the Association's "agent" states a legal conclusion to which no response is required.

96. Anthem denies the allegations contained in this paragraph, except that it states that any allegation that it is the Association's "agent" states a legal conclusion to which no response is required.

97. Anthem denies the allegations contained in this paragraph.

98. Anthem restates and incorporates its responses to the allegations set forth at paragraphs 1-97 as if set forth fully herein.

99. Anthem denies the allegations contained in this paragraph.

100. Anthem denies the allegations contained in this paragraph.

101. Anthem restates and incorporates its responses to the allegations set forth at paragraphs 1-100 as if set forth fully herein.

102. Anthem denies the allegations contained in this paragraph.

103. Anthem denies the allegations contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint must be dismissed to the extent that Anthem did not present or cause to be presented a claim for payment to the United States.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction and the Second Amended Complaint must be dismissed to the extent that the allegations and transactions upon which the suit is based were already available in the public domain, and Relator Greabe is not an "original source" thereof.

BOST_228196.5

### THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint must be dismissed because, even if defendant Anthem presented incorrect claims for reimbursement to the United States, which Anthem expressly denies, said submissions were not made with the actual knowledge that said submissions were false, in deliberate ignorance of the truth or falsity of said information, or in reckless disregard of the truth or falsity of the information.

### FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint must be dismissed as it fails to state a claim upon which relief must be granted.

### FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint must be dismissed, in part or in whole, as the United States has not been damaged and has not suffered any loss of funds.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Relator's claims are based in whole or part on statements allegedly made by employees of Anthem without authority to make such statements, Relator's claims must be denied.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Anthem failed to fulfill any part of any contractual obligations that might exist with the Association or with the United States, which Anthem explicitly denies, said failures were not material to any decision of the United States to pay any amount of to the Association or to Anthem, and therefore Relator's claims must be denied.

BOST_228196.5

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Anthem has failed to fulfill any part of any contractual obligations that might exist with the Association or with the United States, which Anthem explicitly denies, said failures were done with the knowledge, approval and/or acquiescence of the United States Office of Personnel Management, and therefore Relator's claims must be denied.

### NINTH AFFIRMATIVE DEFENSE

Relator's claims are preempted or otherwise precluded by FEBHA.

### TENTH AFFIRMATIVE DEFENSE

Relator's claims are barred by the principal of sovereign immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Relator's claims are barred by the principal of official immunity.

### TWELFTH AFFIRMATIVE DEFENSE

An award of damages and/or penalties (if any) greater than any damages actually sustained by the United States would be unconstitutional because such award of damages and/or penalties would violate the Fifth, Sixth, and Eight Amendments to the U.S. Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

Relator's claims are barred by the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Relator's claims are barred by the doctrine of waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

Relator's claims are barred by operation of laches.

WHEREFORE, Defendant Anthem Blue Cross Blue Shield of New Hampshire requests that the Second Amended Complaint be dismissed as to it and that judgment enter in its favor and for its costs.

ANTHEM BLUE CROSS BLUE SHIELD
OF NEW HAMPSHIRE,

By its attorneys,

/s/ Lawrence M. Kraus
Michael J. Tuteur (BBO # 543780)
Lawrence M. Kraus (BBO # 564561)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
617-342-4000
617-342-4001
lkraus@foley.com

DATED:  March 26, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 26, 2007.

/s/ Lawrence M. Kraus