**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel. JOHN M. GREABE,** | |
| **Plaintiffs** | |
| **v.** | **Civil Action No. 04-11355 MEL** |
| **BLUE CROSS BLUE SHIELD ASSOCIATION and ANTHEM BLUE CROSS BLUE SHIELD OF NEW HAMPSHIRE** | |
| **Defendants** | |

**MEMORANDUM OF LAW IN SUPPORT OF RELATOR'S MOTION TO POSTPONE DEADLINES FOR DISCLOSURE OF COMPUTATION OF DAMAGES REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(C) AND OF THE SETTLEMENT PROPOSAL REQUIRED UNDER LOCAL RULE 16.1(c)**

NOW COMES Relator, John M. Greabe, by and through his attorneys, Wiggin & Nourie, P.A., and respectfully submits this Memorandum of Law in support of his Motion to Postpone the Deadlines for Disclosure of the Computation of Damages Required by Federal Rule of Civil Procedure 26(a)(1)(C) and of the Settlement Proposal Required under Local Rule 16.1(c).

## FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover treble damages and civil penalties on behalf of the United States of American arising from false statements and claims made or caused to be made by Blue Cross Blue Shield Association ("BCBSA") in conspiracy with Anthem Health Plans of New Hampshire ("Anthem"). The false statements and claims at issue

involve claims for payments made by the Association to the United States under a contract between the Office of Personnel Management and the Association that has been in effect since January 1, 1960.

The False Claims Act, 31 U.S.C §§ 3279 et seq., provides that any person who knowingly submits a false or fraudulent claim to the government for payment or approval is liable for a civil penalty of up to $10,000 for each such claim, plus three times the amount of the damages sustained by the government. In this case, the Relator, a former federal employee, asserts that the Defendants have committed fraud on both enrollees and the government by summarily denying, without adjudication, all reimbursement for claims for medically necessary treatments for mental disorders made by beneficiaries of these healthcare programs.

The Relator filed an amended complaint in December, 2005 which alleged that the BCBSA, acting through local agents such as Anthem, has denied a broad class of claims for speech, occupational therapy, and physical therapy submitted in connection with "mental disorder" diagnoses, even when such claims are for services that are medically necessary. The Relator has alleged that BCBSA did this by programming its computer systems to deny payment automatically for all such therapies when associated with a mental disorder. In the amended complaint, the Relator has argued that since the Defendants are not performing the adjudication services for which they claim payment, their monthly claims for payment are "false" under the FCA.

The Defendants moved on or about February 28, 2006 to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). This Honorable Court

denied the Defendants' motion to dismiss the amended complaint by way of an Order dated January 25, 2007. The parties have subsequently conferred telephonically, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), regarding the agenda for the impending scheduling conference and the proposed pretrial schedule and discovery plan for this case.

## ARGUMENT

### I. It is within the sound discretion of this Court to postpone the deadlines imposed upon the Relator to disclose his computation of damages and file his settlement proposal.

The Relator will not be in a position to disclose a computation of damages in his initial disclosures or to provide the required settlement proposal by the date of the scheduling conference in this matter. It is, however, within the sound discretion of this Court to allow the Relator the additional time requested to comply with the requirements of Federal Rule of Civil Procedure 26(a)(1)(C) and Local Rule 16.1(C).

Federal Rule of Civil Procedure 26(a)(1)(C) states, in relevant part, that:

> Except... to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
>
> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(C).

Local Rule 16.1(c) states that:

> [u]nless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the

> date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

LR 16.1(c), D. Mass.

On the face of both of these rules, this Honorable Court is empowered to grant the Relator the relief he has requested and extend the deadline for the disclosure of his computation of damages and the deadline for his written settlement proposal. Federal Rule 26(a)(1) provides that the rules governing initial disclosures must be followed, "[e]xcept... to the extent *otherwise... directed by order*." (emphasis added). A plain reading of this language clearly indicates that it is within the sound discretion of this Honorable Court to allow the Relator to submit a computation of damages at a later date.

Likewise, Local Rule 16.1(c) obligates a plaintiff to submit a written settlement proposal by the date of the settlement conference, "*[u]nless otherwise ordered by the judge*." LR 16.1(c), D. Mass. (emphasis added). This rule, too, clearly allows the Court to adjust the deadline for the settlement proposal when it sees fit to do so.

**II. Neither a computation of damages nor a settlement proposal is appropriate at this early stage, and the deadline for both should therefore be altered to coincide with the Relator's expert disclosures.**

The False Claims Act does not specify how to quantify damages, see BMY-Combat Systems Div. of Harsco Corp. v. United States, 44 Fed. Cl. 141, 147 (1999), but rather it allows for any reasonable method of calculating damages that will fairly reimburse the Government for its losses and expenses without creating a windfall. See United States ex rel. Roby v. Boeing Corp., 79 F.Supp. 2d 877, 885 (S.D. Ohio 1999);

see also 31 U.S.C § 3729(a). The Government *has* suffered harm compensable under the FCA, but an expert opinion will be necessary to adequately quantify that harm. The Relator can claim treble damages and $5,000 to $10,000 for each false or fraudulent claim presented or caused to be presented by the Defendants, but without further discovery no further quantification is possible at this time.

Each case under the FCA involves a unique type of damage to the government, see Boeing Corp., 79 F.Supp. 2d at 884-85; BMY-Combat Systems, 44 Fed. Cl. at 147. A "formula for calculating damages must be created for each case that will provide the government with its damages directly caused by the filing of a false claim." Id. The Relator is neither an insider at BCBSA or Anthem nor is he an employee of the Office of Personnel Management. Without such insider knowledge or the benefit of discovery and the assistance of an expert, the Relator is unable to create the "formula" necessary to compute the damages in this case and produce a settlement proposal.

The Relator is therefore unable at this early stage of discovery to provide the Defendants with either a computation of damages or a written settlement proposal. At this preliminary juncture, it would be unreasonable to expect the Relator to present an informed and good faith numerical expression of the Government's damages. Given the difficulties inherent in calculating damages in an FCA case such as this, the Relator respectfully submits that it would be more prudent to allow the Relator to provide a computation of damages pursuant to Fed. R. Civ. P. 26(a)(1)(C) and the settlement proposal mandated by Local Rule 16.1(c) along with the disclosure of his expert witnesses.

**CONCLUSION**

The Relator requests that this Honorable Court permit him to produce a computation of damages as required under Fed. R. Civ. P. 26(a)(1)(C) and file his written settlement proposal as mandated by Local Rule 16.1(c) along with his expert disclosures rather by the deadlines set forth in the rules.

Respectfully submitted,

**RELATOR, JOHN M. GREABE**

by his attorneys,

**WIGGIN & NOURIE, P.A.**

Date: July 25, 2007

By: /s/ Richard B. McNamara

Richard B. McNamara, BBO#
Stephanie A. Bray, BBO#650408
670 No. Commercial Street, Ste 305
P.O. Box 808
Manchester, NH 03105
(603) 669-2211

Certificate of Service

I hereby certify that on July 25, 2007, a copy of the foregoing Memorandum of Law in Support of Relator's Motion to Postpone Deadlines for Disclosure of Computation of Damages Required by Federal Rule of Civil Procedure 26(a)(1)(C) and of the Settlement Proposal Required Under Local Rule 16.1(c) has been forwarded to all counsel of record pursuant to the Court's rules and procedures concerning electronic filing. Any persons not receiving notification through ECF as noted on the Notification of Electronic Filing will be conventionally served via first class mail, postage prepaid:

Nicholas J. Nesgos
Jennifer Finger
Posternak, Blankstein & Lund, LLP
800 Boylston Street, Prudential Tower
Boston, MA 02199-8004

Anthony F. Shelley
Adam P. Feinberg
Miller & Chevalier Chartered
655 15th Street, NW, Suite 900
Washington, DC

Michael J. Tuteur
Lawrence M. Kraus
Foley & Lardner, LLP
111 Huntington Avenue
Boston, MA 02199

Patricia M. Connolly
Assistant United States Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210

Michael F. Hertz
Joyce R. Branda
Tracy L. Hilmer
U.S. Dept. of Justice, Civil Division
PO Box 261, Ben Franklin Station
Washington, D.C. 20044

By: /s/ Richard B. McNamara