**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>JOHN M. GREABE,<br><br>        Plaintiffs<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION<br>and ANTHEM BLUE CROSS BLUE SHIELD<br>OF NEW HAMPSHIRE<br><br>        Defendants | Civil Action No. 04-11355-MEL |

**EXHIBIT 1**

**AMENDED JOINT STATEMENT PURSUANT TO L. R. 16.1**

Relator John M. Greabe ("Relator") and defendants Blue Cross Blue Shield Association ("BCBSA") and Anthem Health Plans of New Hampshire, Inc. ("Anthem") (collectively, "defendants") submit the following Joint Statement Pursuant to Local Rule 16.1.

**Agenda – Rule 16.1(B)**

1. **Designation as Complex Pursuant to Local Rule 16.1(E)**

    Relator respectfully requests that the Court make an early determination that this case is "complex," or otherwise appropriate for careful and deliberate monitoring in an individualized and case-specific manner pursuant to L.R. 16.1(E).

    Defendants disagree that this case is "complex" within the meaning of L. R. 16.1(E), and do not believe that it requires individualized case management in addition to the Court's standard procedures.

2. **Trial by Magistrate**

    Pursuant to L.R. 16.1(B)(3), the parties at this time do not wish to consent to trial by the Magistrate Judge.

3. **Settlement Proposals**

    a.    <u>Relator's Position</u>:

Relator respectfully requests that the Court waive the requirement of L.R. 16.1(C) concerning the presentation of written settlement proposals. Relator respectfully refers the Court to his motion requesting this same relief.

Defendant BCBSA contracted with the Federal Office of Personnel Management ("OPM") to provide, to federal employees who wished to enroll, a fee-for-service health insurance plan known as the Service Benefit Plan. One of the services for which OPM contracted was adjudication of health insurance claims. Relator alleges, however, that defendants designed and maintained a system that does not adjudicate certain claims. Rather, defendants have denied a broad class of claims for speech, occupational and physical therapy, without any adjudication. Relator's complaint has already survived a motion to dismiss that was based, in part, on Fed. R. Civ. P. 9(b).

The False Claims Act itself does not specify how to quantify damages. Instead, any reasonable method of calculating damages which will fairly reimburse the Government for its losses and expenses, without creating a windfall, will be allowed. *U.S. ex rel. Roby v. Boeing Corp.,* 79 F. Supp. 2d 877, 885 (S.D. Ohio 1999). One appropriate measure of damages, although by no means the only appropriate measure, is a comparison of the value of the system OPM bargained for i.e., a system where BCBSA provided for adjudication of all claims that it had contracted to adjudicate, versus the system OPM actually received, i.e., a system wherein a broad class of adjudicable claims were simply passed over without adjudication.

Selection of an appropriate damage model, from the wide array available, will require examination of defendants' practices as illuminated by the facts of this dispute. For this reason, Relator opposes any attempt to bifurcate discovery in any manner that would advance discovery of damages, or divorce discovery of damages from that of the underlying facts.

It is unreasonable to expect Relator, at this early stage of the litigation, to present an informed and good faith expression of these damages in numbers. This is not a personal injury claim where an injured party can estimate his or her lost wages and medical bills. Relator is not an insider at OPM, and does not have the specialized knowledge necessary to present an informed demand. Relator, of course, intends to retain experts who do have such specialized knowledge, and respectfully requests the Court to defer the presentation of a demand and offer to coincide with the disclosure of each party's respective expert reports.

    b.    <u>Defendants' Position</u>:

2

Defendants do not consent to waiving the presentation of demand and offer as required by L.R. 16.1(C), and they intend to timely oppose Relator's motion seeking this relief on, *inter alia*, the following grounds.

Defendants first note that they reject Relator's summary of the allegations in this matter. Contrary to that summary, there is no basis to Relator's core allegations that the class of claims at issue here "were simply passed over *without adjudication*," or that "defendants have denied a broad class of claims for speech, occupational and physical therapy, *without any adjudication*." See Point 3.a., *supra* (emphases added). To the contrary, the evidence will establish that the category of claims for benefits at issue in this action – including each of Relator's claims – was adjudicated in accordance with the contract. Indeed, the Relator's claims were reviewed and adjudicated before they were denied as not covered under the provisions of the Service Benefit Plan ("SBP"). These claims were also reconsidered at the Relator's request, and the denial was upheld. These demonstrable "adjudications" themselves establish the paucity of Relator's core allegation that Defendants failed to adjudicate the claims at issue here. Following these adjudications, Relator exercised his rights under the SBP to appeal the denials to OPM, the denials were reversed, and Relator has been paid for all claims for benefits that originally gave rise to this case.

Local R. 16.1(C) serves the salutary purpose of enabling the parties to determine whether a matter can be settled in advance of the expense and inconvenience of federal litigation. Similarly, Fed. R. Civ. P. 26(a)(1)(c) requires Relator to provide in his Automatic Initial Disclosures a "computation of any category of damages claimed[.]" Here, Relator proposes to conduct more than 16 months of discovery before making a settlement demand to which defendants can respond, and through which this matter can possibly be resolved. It should also be noted that, in light of his obligations under Fed. R. Civ. P. 9(b), it is completely reasonable to require that Relator present some basis for his alleged damages, and therefore a settlement demand, at this juncture in this case.

To the extent that Relator claims now not to be in the position to make such a settlement demand, then Relator should be required to limit his initial discovery to only so much as is necessary to determine whether there is a basis for any damage whatsoever, at which point he can make the required settlement demand under Local Rule 16.1(c).

**4.     Limitations on Discovery Events, L.R. 26.1(C)**

   **a.**     Document requests

The parties jointly agree to lift any limitation contained in L.R. 26.1(C) on the number of requests for production of documents, or on the number of sets of requests for production of documents.

    b.    Other Discovery Events

Relator respectfully requests that the number of permitted interrogatories and requests for admissions both be increased to forty (40). Defendants oppose this request, and respectfully maintain that the limit of twenty-five (25) interrogatories and requests for admissions contained in L.R. 26.1(C) remain in place.

5. **Phased Discovery Pursuant to L.R. 16.1(D)(1)(b)**

Defendants request phased discovery only to the extent discussed in point 3.b., *supra*. Relator opposes phasing of discovery, for the reasons discussed in point 3.a, *supra.*

6. **Protective Order**

The parties anticipate entering one or more appropriate protective orders governing the production and confidentiality of discovery materials and the information provided therein and the exchange of "protected health information," as that term is defined in the regulations implementing the Health Insurance Portability and Accountability Act of 1996.

7. **Discovery Schedule**

The parties jointly propose the following schedule:

(a)     Disclosures pursuant to Fed. R. Civ. P. 26(a)(1):    April 12, 2007

(b)     Amendment of pleadings:    September 1, 2007

(c)     Joinder of parties:    September 1, 2007

(d)     Service of written discovery:    February 2, 2009

(e)     Answering written discovery:    March 2, 2009

(f)     Completion of depositions:    March 2, 2009

(g)     Close of discovery:    March 2, 2009

    (h)    Disclosure of expert witness reports:

        (i) Plaintiffs' expert reports:    April 15, 2009

        (ii) Defendants' expert reports:    July 1, 2009

    (i)    Depositions of expert witnesses:

        (i) Plaintiffs' expert witnesses:    July 15, 2009

        (ii) Defendants' expert witnesses:    October 1, 2009

    (j)    Settlement conference:    after October 1, 2009

    (k)    Dispositive motions:    December 1, 2010

    (l)    Pretrial conference:    February 1, 2010

    (m)    Trial:    March 15, 2010

**8.**   **Automatic Disclosures**

The parties have by agreement exchanged disclosures, pursuant to Fed. R. Civ. P. 26(a)(1).

**9.**   **Pending or Anticipated Motions**

Relator anticipates filing a motion to waive the requirement of L.R. 16.1(C) for the initial settlement proposals. Defendants anticipate opposing this motion. Defendants anticipate filing motions for summary judgment.

**10.**   **Certifications of Counsel and Client**

Counsel for both the Relator and for defendants have conferred with their respective clients and have executed certifications consistent with L.R. 16.1(D)(3). *See* Exhibit A (Relator's Certification); Exhibit B (Defendants' Certification).

                                                      Respectfully submitted,

                                                      Relator, John M. Greabe

                                                      By his attorneys,

                                                      WIGGIN & NOURIE, P.A

Date: December 19, 2007

                                      By:    */s/ Richard B. McNamara*
                                                      Richard B. McNamara, BBO#339420
                                                      670 North Commercial St., Suite 305
                                                      P.O. Box 808
                                                      Manchester, NH 03105
                                                      (603) 669-2211

                                                      Defendant, Blue Cross Blue Shield
                                                      Association

                                                      By its Attorneys,

                                                      Miller & Chevalier Chartered

Date: December 19, 2007             /s/ Adam P. Feinberg
                                                      Anthony F. Shelley
                                                      ashelley@milchev.com
                                                      Adam P. Feinberg
                                                      afeinberg@milchev.com
                                                      655 15th St., NW
                                                      Suite 900
                                                      Washington, DC 20005
                                                      Telephone: (202) 626-6800
                                                      Fax: (202) 628-0858

                                                      Posternak Blankenstein & Lund LLP
                                                      Nicholas J. Nesgos, BBO #553177
                                                      nnesgos@pbl.com
                                                      Prudential Tower, 800 Boylston St.
                                                      Boston, MA 02199-8004
                                                      Telephone: (617) 973-6100
                                                      Fax: (617) 367-2315

                                Defendant, Anthem Blue Cross Blue Shield of New Hampshire
By its Attorneys

Foley & Lardner, LLP

Date:  December 19, 2007      /s/ Lawrence M. Kraus
Lawrence M. Kraus, BBO #564561
lkraus@foley.com
Michael J. Tuteur, BBO #543780
mtuteur@foley.com
111 Huntington Ave.
Boston, MA 02199
Telephone (617) 342-4000
Fax (617)342-4001