IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel.<br>JOHN M. GREABE,<br><br>       Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION<br>AND ANTHEM BLUE CROSS BLUE SHIELD<br>OF NEW HAMPSHIRE,<br><br>       Defendants. | Civil Action No. 04-11355 MEL |

## EXHIBIT A

## [PROPOSED] CONSENT CONFIDENTIALITY ORDER

The parties to this Consent Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.    Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  **Form and Timing of Designation**.  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation.  Documents shall be designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY prior to or at the time of the production or disclosure of the documents.  The designations "CONFIDENTIAL " or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" do not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Such designation or lack of designation may not be introduced into evidence by any party and shall not be admissible as evidence for any other purpose.

3.  **Documents Which May be Designated**.  Any party or other person that produces materials in this case may designate documents as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, but only after review of the documents by an attorney[1] or a party appearing pro se who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information.  The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of Massachusetts and need not file the certification required of visiting lawyers by the Local Rules unless he/she is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

sector may not be designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.

4.  **Depositions**.  Deposition testimony shall be deemed CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY only if designated as such.  Such designation shall be specific as to the portions to be designated.  Depositions, in whole or in part, may be designated on the record as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY at the time of the deposition.  The entire deposition shall remain so designated until ten days after delivery of the transcript by the court reporter.  Within ten days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.  Thereafter, those portions so designated shall be protected as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY pending objection under the terms of this Order.  The failure to serve a Notice of Designation shall waive the designation made on the record of the deposition.

5.  **Protection of Confidential Material**.

(a)  **General Protections**.  Documents designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b)  **Limited Third-Party Disclosures**.  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents to any third person or entity except as set forth below.

Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

**(1)** **Counsel**.  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

**(2)** **Parties**.  Parties and employees of a party to this Order, but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

**(3)** **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions;

**(4)** **Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(5)** **Consultants and Experts**.  Consultants and Experts. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(6)** **Witnesses**.  Persons noticed for deposition or selected to testify at trial, to the extent necessary for that person to prepare for deposition or trial, but only to the extent counsel determines that the specifically named witness's participation is reasonably necessary to the conduct of the litigation in which the information is

disclosed, and only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(7)** **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **"Confidential - Attorneys' Eyes Only" Materials**: Documents and testimony designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not, without the consent of the Party or Nonparty producing it or further Order of this Court, be disclosed, except that such information may be disclosed solely to those persons designated in, and subject to the procedures described in, ¶5 (b) (1), (3), (4), (5) and (7) above.

**(d)** **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year following the conclusion of this case, including any appeals.

**(e)** **Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL OR CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" if the

words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**6.     Filing of Designated Documents Under Seal**. Before any document marked as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY is filed with the Clerk, the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party may first consult with the party which originally designated the document as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, before a confidential document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - DOCUMENTS SUBJECT TO PROTECTIVE ORDER", displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. If the contents of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents are incorporated into memoranda or other pleadings filed with the court, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.

**7.     Additional Provisions Regarding Disclosure of Certain Materials**.  The parties acknowledge that their ability to disclose certain information may be restricted or prohibited by applicable state or federal law or by contract, including but not limited to the disclosure of "protected health information," as that term is defined in the regulations implementing the Health Insurance Portability and Accountability Act of 1996, or by Section 1.6 of contract CS 1039 with the U.S. Office of Personnel Management and/or by 48 C.F.R. § 1652.224-70.  The parties will submit a separate consent order to the Court governing the use and disclosure of protected health information.  Nothing contained herein shall be considered a waiver of any party's right or ability to object to the production or disclosure of any information, with the validity of any such objection to be determined by the Court, if the parties are unable to reach agreement after conferring in good faith in an attempt to resolve the matter.

**8.     Challenges by a Party to Designation as Confidential**.  Any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY designation is subject to challenge by any party.  The following procedure shall apply to any such challenge.

**(a)     Objection to Confidentiality**.  A party may serve upon the designating party an objection to the designation.  The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents.  CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents to which objection has been made shall remain so designated until the designation is changed or eliminated by waiver, agreement or order of the Court.

**(b) Obligation to Meet and Confer**.  The objecting party and the party which designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement.  If

agreement is reached confirming or waiving the original designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

      **(c) Filing a Motion**. In the absence of agreement as to any documents designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, either party may file, after the conclusion of the conference specified in the previous paragraph, a motion to retain the designation, or a motion challenging such designation, as the case may be. Regardless of which party files the motion, the designating party has the burden to show good cause for the CONFIDENTIAL or CONFIDENTIAL -ATTORNEYS' EYES ONLY designation.

      9.      **Action by the Court**. Applications to the Court for an order relating to documents designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

      10.      **Use of Confidential Documents or Information at Trial**. A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

      11.      **Non-party Requests for Confidential Documents or Information.** Nothing contained in this Order shall prevent a party from disclosing documents designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, or any information

contained in such documents, as required by a lawful subpoena or other compulsory process, provided that prior to doing so, such party shall promptly give notice thereof to the party that produced such documents in this lawsuit and furnish the producing party with a copy of the subpoena or other process so as to afford the producing party a reasonable opportunity to seek a protective order.

**12.     Obligations on Conclusion of Litigation**.

**(a) Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(**b) Return of Designated Documents**.  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Order, including copies as defined in ¶ 5(e), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, as the case may be, under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not

disclose or use CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY documents.

**(c) Return of Documents Filed under Seal**. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

14. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **No waiver**. Inadvertent production or disclosure of documents or information subject to attorney-client privilege, work product immunity, or any other immunity from production shall not constitute a waiver of the respective privilege or immunity. In the instance where the producing party recognizes that such materials were inadvertently produced, the producing party shall promptly notify the receiving party in writing that the documents or information is privileged or otherwise immune from discovery. Similarly, in the event that the receiving party uncovers privileged documents or documents otherwise immune from discovery, the receiving party will promptly notify the producing party of the same. In both such instances,

the receiving party shall not review, copy, or disseminate such documents or information, and such inadvertently produced documents or information shall be returned to the producing party as soon as practicable.  The receiving party shall also use its best faith efforts to promptly retrieve and destroy all copies and any portions of notes, papers, summaries or other instruments that comprise, embody, summarize, discuss or quote from documents or things for which the attorney-client privilege, work product immunity, or other immunity from production is asserted and, upon request, shall provide written notification of the destruction to the producing party.  The receiving party shall not use such documents, including during depositions or at trial, nor shall the receiving party show such documents to anyone subsequent to the request to return them.  The receiving party shall not argue waiver of the privilege or immunity based on such inadvertent production or disclosure.  Notwithstanding anything contained in this paragraph, the receiving party shall retain the right to challenge the claim of privilege or immunity from production with regard to any inadvertently produced documents or information.  The producing party shall, upon request from the receiving party, maintain any documents or information returned by the receiving party, and the producing party will file said documents or information with the court under seal if necessary for the determination of the claim of privilege or immunity from production.  If the court determines that the document or information is not privileged or subject to any immunity from production, the receiving party shall be able to use the document or information in accordance with governing rules or law.  In addition, inadvertent production of a document without a CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY designation is not a waiver of such designation.  However, the non-designating party's and counsel's obligations to maintain confidentiality of late-designated documents shall commence only as of the date the designation is made.

    **16.** **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated:

                                                           _____
                                                           U.S. District Judge
                                                           U.S. Magistrate Judge

                                        Respectfully submitted,

                                        Relator, John M. Greabe

                                        By his attorneys,

                                        WIGGIN & NOURIE, P.A

Date: December 20, 2007

                            By:   */s/ Richard B. McNamara*
                                        Richard B. McNamara, BBO#339420
                                        670 North Commercial St., Suite 305
                                        P.O. Box 808
                                        Manchester, NH 03105
                                        (603) 669-2211

                                        Defendant, Blue Cross Blue Shield Association

                                        By its Attorneys,

                                        Miller & Chevalier Chartered

Date: December 20, 2007            */s/ Adam P. Feinberg*
                                        Anthony F. Shelley
                                        ashelley@milchev.com
                                        Adam P. Feinberg
                                        afeinberg@milchev.com
                                        655 15th St., NW
                                        Suite 900
                                        Washington, DC 20005
                                        Telephone: (202) 626-6800
                                        Fax: (202) 628-0858

                                        /s/ *Nicholas J. Nesgos*
                                        Posternak Blankenstein & Lund LLP
                                        Nicholas J. Nesgos, BBO #553177
                                        nnesgos@pbl.com
                                        Prudential Tower, 800 Boylston St.
                                        Boston, MA 02199-8004
                                        Telephone: (617) 973-6100
                                        Fax: (617) 367-2315

|  |  |
|---|---|
|  | Defendant, Anthem Blue Cross Blue Shield of New Hampshire<br>By its Attorneys<br><br>Foley & Lardner, LLP |
| Date:  December 20, 2007 | */s/ Lawrence M. Kraus*<br>Lawrence M. Kraus, BBO #564561<br>lkraus@foley.com<br>Michael J. Tuteur, BBO #543780<br>mtuteur@foley.com<br>111 Huntington Ave.<br>Boston, MA 02199<br>Telephone (617) 342-4000<br>Fax (617) 342-4001 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing joint statement has been forwarded to all counsel of record pursuant to the court's rules and procedures concerning electronic filing.  Any persons not receiving notification through ECF as noted on the notification of electronic filing will be conventionally served via first class mail, postage prepaid:

| | |
|---|---|
| Nicholas J. Nesgos<br>Posternak, Blankstein & Lund, LLP<br>800 Boylston Street, Prudential Tower<br>Boston, MA  02199-8004 | Jeffrey Cohen<br>Assistant United States Attorney<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210 |
| Anthony F. Shelley<br>Adam P. Feinberg<br>Miller & Chevalier Chartered<br>655 15th Street, N.W., Suite 900<br>Washington, D.C.  20005 | Michael F. Hertz<br>Joyce R. Branda<br>Tracy L. Hilmer<br>U.S. Dept. of Justice, Civil Division<br>P. O. Box 261, Ben Franklin Station<br>Washington, D.C.  20044 |
| Dated:   December 20, 2007 | Richard B. McNamara, Esquire |

*/s/ Richard B. McNamara*
Richard B. McNamara

- 14 -

ATTACHMENT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JOHN M. GREABE, <br><br> Plaintiffs <br><br> v. <br><br> BLUE CROSS BLUE SHIELD ASSOCIATION and ANTHEM BLUE CROSS BLUE SHIELD OF NEW HAMPSHIRE <br><br> Defendants | Civil Action No. 04-11355 MEL |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL  or CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

                         _____

                         _____

Date: _____  _____
                                             Signature