**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>JOHN M. GREABE,<br><br>            Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION<br>and<br>ANTHEM BLUE CROSS BLUE SHIELD<br>OF NEW HAMPSHIRE,<br><br>            Defendants. | Civil Action No. 04-11355-MEL |

### EXHIBIT B

### STIPULATED PROTECTIVE ORDER
### GOVERNING CONFIDENTIAL HEALTH INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and with the consent of the parties, **IT IS HEREBY ORDERED** that:

**WHEREAS,** in light of the nature of this action, the parties have propounded and received discovery requests seeking the disclosure of health information that may be deemed confidential under applicable law. Third parties, likewise, may receive subpoenas requesting the production of confidential health information.

**WHEREAS,** the parties acknowledge and agree that it is appropriate for the Court to provide proper safeguards to protect Confidential Health Information (as defined in paragraph 3 below), which may be disclosed and used for purposes of this action.

**WHEREAS,** the Court recognizes that requests for the disclosure of documents or other information containing Confidential Health Information necessarily implicate the privacy

rights of individuals not parties to this litigation.

**WHEREAS,** such privacy interests must be protected under applicable federal statutes, rules, regulations, and common law principles (collectively "Governmental Regulations"), including, but not limited to, the privacy regulations promulgated pursuant to the Administrative Simplification provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  In addition, although this action arises under federal law and is thus subject exclusively to federal privilege principles, the protections afforded in this Order are also intended to honor state-law privacy statutes, rules, regulations, and common law principles (collectively "State Laws").

**WHEREAS,** the Court finds that the disclosure and use of certain information and documents containing such Confidential Health Information might occur during the litigation of the claims being asserted. The Court further finds that it is not practicable, given the scope of this action, either to give notice of the discovery requests (or an opportunity to consent or object to disclosure) to each and every patient or individual whose health information may be the subject of the discovery requests or to conduct an in camera review of the requested Confidential Health Information. The Court further finds that it would be unduly burdensome and would further deprive the parties of meaningful access to information if the parties were to attempt to redact all medically related and payment related information that could potentially be used to identify an individual.

**WHEREAS,** this Order requires that any use or disclosure of Confidential Health Information be made consistent with the terms of this Order and the requirements of the Federal Rules of Civil Procedure.

**WHEREAS,** certain limited categories of Confidential Health Information that pertain to

certain types of medical conditions or treatment (including, without limitation, records of diagnosis or treatment of alcohol or substance abuse, certain sexually transmitted diseases such as HIV/AIDS, mental health, and certain information pertaining to genetic testing) are afforded heightened protection under applicable Governmental Regulations or State Laws, and generally may not be produced under such applicable Governmental Regulations or State Laws even with a qualified protective order absent consent of the parties involved, a good cause determination by a court of competent jurisdiction, and/or other procedural safeguards set forth under the applicable Governmental Regulations or State Laws. The Court finds that the procedures set forth herein for the disclosure and use of Confidential Health Information are reasonable and appropriate to protect against the improper disclosure or unauthorized use of such sensitive Confidential Health Information.

**WHEREAS**, the Court recognizes that it is the general practice of physicians to obtain their patients' written consent to use and disclose Confidential Health Information for purposes of obtaining health care coverage reimbursement.

**WHEREAS**, the Court recognizes that it is the general practice of managed care entities and other payors to obtain their subscribers' written consent to use and disclose Confidential Health Information for purposes of health care coverage determinations.

**WHEREAS**, the public interest outweighs any minimal risk attendant to the disclosure and use of Confidential Health Information in the manner set forth herein.

**WHEREAS**, the Court further finds that the procedures set forth herein are adequate to safeguard against the unauthorized use, disclosure, or subsequent dissemination of Confidential Health Information. The Court hereby prohibits the dissemination of Confidential Health Information beyond the parameters established by this Order or use of Confidential Health

Information for any purpose other than the prosecution or defense of this litigation.

## DEFINITIONS GENERALLY

1.  As used in this Order, the term "party" shall mean all named parties to this action including any named party added or joined to the action or any other related complaint in this action. As used in this Order, the term "third party" shall mean any individual, corporation, association or other natural person or entity who is not a party.

2.  This Order shall govern all documents containing Confidential Health Information that are produced and all information containing Confidential Health Information that is supplied in any form (including, but not limited to, documents and information produced by a party or third party disclosed through testimony, or contained in pleadings, briefs, or other documents filed with the Court) in this case for purposes of discovery or otherwise. The term "documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced, including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; software; computer data, including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind, including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind, including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

**CATEGORIES OF PROTECTED MATERIAL**

3. As used in this Order, the term "Confidential Health Information" means, without regard to whether the material has been designated confidential generally or "Confidential Health Information" specifically, any document or information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. The term "Confidential Health Information" specifically includes "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. *See* 45 C.F.R. §§ 164.501 ("protected health information") and 160.103 ("individually identifiable health information"). "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information. "Confidential Health Information" does not include any document or information that has all of the following identifiers of the individual or subscriber or of the relatives, employers, or household members of the individual or subscriber removed or redacted:

(a) names;

(b) all geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent geocodes, except for the initial three digits of a zip code if, according to the current publicly available data from the Bureau of the Census, (i) the geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people, and (ii) the initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000;

(c) all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, date of death; and all ages over 89 and all elements of dates (including year) indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

(d) telephone numbers;

(e) fax numbers;

(f) electronic mail addresses;

(g) social security numbers;

(h) medical record numbers;

(i) health plan beneficiary numbers;

(j) account numbers;

(k) certificate/license numbers;

(1) vehicle identifiers and serial numbers, including license plate numbers;

(m) device identifiers and serial numbers;

(n) web universal resource locators ("URLs");

(o) internet protocol ("IP") address numbers;

6

(p) biometric identifiers, including finger and voice prints;

(q) full face photographic images and any comparable images;

(r) any other unique identifying number, characteristic, or code; and the party producing the document or information does not have actual knowledge that the document or information could be used alone or in combination with other information to identify an individual who is a subject of the information.

4. The term "Confidential Material," as used herein, shall mean documents and information designated as "CONFIDENTIAL" pursuant to the Consent Confidentiality Order that is ultimately entered by the Court; provided, however, that for purposes of this Order and the Consent Confidentiality Order, the term "Confidential Material" shall not include "Confidential Health Information."

5. The term "Highly Confidential Material," as used herein, shall mean documents and information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Consent Confidentiality Order that is ultimately entered by the Court; provided, however, that for purposes of this Order and the Consent Confidentiality Order, the term "Highly Confidential Material" shall not include "Confidential Health Information."

6. "Confidential Health Information," "Confidential Material," and "Highly Confidential Material" may be collectively referred to as "Protected Material."

## GENERAL PROVISIONS

7. **Scope.** This Order governs Confidential Health Information only. The designation of, disclosure of, and other procedures relating to Confidential Material and Highly Confidential Material shall be governed by the Consent Confidentiality Order that is ultimately entered by the Court. In the event that a document or information contains more than one

category of Protected Material, this Order shall be read together with the Consent Confidentiality Order and any other protective order governing Protected Material that is ultimately entered by the Court. In the event of a conflict between such orders, the provisions affording the greatest protections for Protected Material shall control.

8. **Documents Containing Confidential Health Information.** All documents containing Confidential Health Information shall be treated in accordance with this Order without regard to any designation.

9. **Depositions.** All transcripts, exhibits, and videotapes of any deposition or testimony containing Confidential Health Information shall be treated in accordance with this Order without regard to any designation.

10. **Objections to Designation or Treatment.** A party may, in good faith, object to the designation or treatment of any document or information as Confidential Health Information by stating its objection (including a statement of the legal or factual basis for the objection) in writing to the party or third party making the designation or otherwise treating the information as Confidential Health Information and it shall make a good faith effort to resolve the dispute with counsel for the party or third party so designating or treating the document. If the parties cannot reach agreement as to the treatment of the information, the objecting party may, within 30 days after making its objection, move the Court for an order determining whether such document is Confidential Health Information. Pending a final ruling by the Court on the motion, the initial designation or treatment and the terms of this Order shall remain in effect. If the objecting party fails to move for relief within the time period specified in this paragraph, that party waives its right to assert that the documents are not Confidential Health Information within the scope of this Order.

11.     **Additional Provisions Regarding Disclosure of Certain Materials**.  The parties acknowledge that their ability to disclose certain information may be restricted or prohibited by applicable state or federal law or by contract, including but not limited to by Section 1.6 of contract CS 1039 with the U.S. Office of Personnel Management and/or by 48 C.F.R. § 1652.224-70.  Nothing contained herein shall be considered a waiver of any party's right or ability to object to the production or disclosure of any information, with the validity of any such objection to be determined by the Court, if the parties are unable to reach agreement after conferring in good faith in an attempt to resolve the matter.

### DISCLOSURE OF CONFIDENTIAL HEALTH INFORMATION

12.     **Disclosure of Confidential Health Information.** Subject to Paragraphs 13 and 22, and except as provided in Paragraph 14 below, Confidential Health Information may be disclosed only to:

(a)     the Court and all persons assisting the Court in this action, including court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

(b)     persons retained as consultants or experts for any party and principals and employees of the firms with which consultants or experts are associated;

(c)     persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of this action, including litigation support services and outside copying services;

(d)     the persons listed on the document as authors or recipients (including copies);

(e)     any person who may testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in this action, and for the purpose of assisting in the

preparation or examination of the witness, provided that counsel first comply with the requirements of Paragraph 16 of this Order; provided further, however, that the requirements of Paragraph 16 need not be complied with if the person is listed as an author or recipient (or "copies to" or "cc") of the Confidential Health Information;

(f) any other person hereafter designated by written stipulation of the parties or by further order of the Court; and

(g) the parties, the parties' counsel and their partners, associates, paralegals, and clerical and support personnel.

13. **Acknowledgement.** No Confidential Health Information may be disclosed to any person pursuant to the provisions of this Order unless counsel first informs such person that pursuant to this Order the material to be disclosed may only be used for purposes of preparing and presenting evidence in this litigation and must be kept confidential. No Confidential Health Information may be disclosed to any person identified in subparagraphs 12(b) through 12(f) of this Order unless such person first is given a copy of this Order and advised that the information contained in the document is Confidential Health Information and informed that an unauthorized disclosure of the information in the document may constitute a contempt of this Court. Each person to whom Confidential Health Information is disclosed pursuant to Paragraphs 12(b), 13(c), 13(e) or 13(f) of this Order shall execute an Acknowledgment in the form attached hereto as <u>Exhibit A</u> and shall agree to be bound by this Order prior to receiving any Confidential Health Information. Copies of the executed Acknowledgements, and a current log of the materials disclosed to each person executing an Acknowledgment, shall be retained by counsel for the party or parties who disclosed the Confidential Health Information to such persons. Copies of all Acknowledgements executed pursuant to this Paragraph shall be disclosed to the

party or third party who produced or supplied the Confidential Health Information (a) within thirty (30) days after the final resolution of this action (including resolution of all appellate proceedings), (b) within thirty (30) days after settlement with the producing party, or (c) on good cause shown.

    14.    Notwithstanding any other provision of this Order:

        (a)    Nothing in this Order shall limit the ability of any party to disclose to any person Confidential Health Information that is a business record of that party;

        (b)    Nothing in this Order shall limit any defendant's ability to disclose Confidential Health Information that is a business record of that defendant to other defendants or their counsel or to others as the defendants may mutually agree;

        (c)    Nothing in this Order shall limit any named plaintiff's ability to disclose Confidential Health Information that is a business record of that plaintiff to other named plaintiffs or their counsel or to others as the named plaintiffs may mutually agree.

    15.    No person, firm, corporation, or other entity shall use Confidential Health Information in any manner whatsoever except for purposes of this litigation. Furthermore, no person, firm, corporation, or other entity subject to this Order shall give, show, disclose, make available, or communicate Confidential Health Information to any person, firm, corporation, or other entity not expressly authorized by this Order to receive such Confidential Health Information. A party's use for any purpose of its own documents and information which it produces or discloses in this litigation shall not be considered a violation of this Order.

    16.    Subject to Paragraphs 18-20 and 22, counsel for a party may show documents containing Confidential Health Information to a witness during a deposition, hearing, trial, or

other proceeding without providing prior notice to the party or third party who produced or supplied the Confidential Health Information. Before doing so, however, the witness shall be shown a copy of this Order and advised that the information contained in the document is Confidential Health Information and informed that an unauthorized disclosure of the information in the document may constitute a contempt of this Court.

17. Counsel for any party to this litigation or counsel for the witness may exclude from the room during any deposition or mediation any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Health Information. Confidential Health Information may not be disclosed to the witness then testifying except in conformity with Paragraph 16 of this Order. This provision does not prevent the parties to this litigation or their designated employees from being present at any deposition or mediation so long as such persons are advised that the information contained in the document is Confidential Health Information and informed that an unauthorized disclosure of the information in the document may constitute a contempt of this Court.

### USE OF CONFIDENTIAL HEALTH INFORMATION BY A PARTY IN THESE PROCEEDINGS

18. Notwithstanding any other provision of this order, the parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a protective order pursuant to which Confidential Health Information may be introduced into evidence or otherwise used at such hearing, trial, mediation, or other proceeding. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Health Information at hearing, trial, or other proceeding.

19. In the event any party wishes to use Confidential Health Information in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed in Court in this

action prior to entry of a protective order governing use of Confidential Health Information, such party shall take appropriate steps to safeguard such Confidential Health Information from documents filed with the Court, which steps may include redaction. In the event the Court wishes to review the redacted material, the Court may review the redacted material *in camera* or order that the documents containing Confidential Health Information be filed under seal in accordance with this Paragraph.  Alternatively, such affidavits, briefs, memoranda of law, exhibits to motions, or other papers so filed shall be filed under seal.

## **NON-PARTY REQUEST OR DEMAND FOR DISCLOSURE**

20. Should any person bound by this Order receive a subpoena, civil investigative demand, or other process from a non-party seeking, requesting, or requiring the disclosure of Confidential Health Information in any form, such person shall give notice immediately to the party or third party who produced or supplied the Confidential Health Information so that the party or third party may seek appropriate relief, if any. No person bound hereby who receives a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Health Information shall produce or disclose such documents or information unless and until (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is in accordance with the provisions herein and is expressly consented to by the party or third party herein which have produced or supplied the Confidential Health Information.

## **INADVERTENT PRODUCTION**

21. Inadvertent production or disclosure of documents or information subject to attorney-client privilege, work product immunity, or any other immunity from production shall not constitute a waiver of the respective privilege or immunity.  In the instance where the producing party recognizes that such materials were inadvertently produced, the producing party

13

shall promptly notify the receiving party in writing that the documents or information is privileged or otherwise immune from discovery. Similarly, in the event that the receiving party uncovers privileged documents or documents otherwise immune from discovery, the receiving party will promptly notify the producing party of the same. In both such instances, the receiving party shall not review, copy, or disseminate such documents or information, and such inadvertently produced documents or information shall be returned to the producing party as soon as practicable. The receiving party shall also use its best faith efforts to promptly retrieve and destroy all copies and any portions of notes, papers, summaries or other instruments that comprise, embody, summarize, discuss or quote from documents or things for which the attorney-client privilege, work product immunity, or other immunity from production is asserted and, upon request, shall provide written notification of the destruction to the producing party. The receiving party shall not use such documents, including during depositions or at trial, nor shall the receiving party show such documents to anyone subsequent to the request to return them. The receiving party shall not argue waiver of the privilege or immunity based on such inadvertent production or disclosure. Notwithstanding anything contained in this paragraph, the receiving party shall retain the right to challenge the claim of privilege or immunity from production with regard to any inadvertently produced documents or information. The producing party shall, upon request from the receiving party, maintain any documents or information returned by the receiving party, and the producing party will file said documents or information with the court under seal if necessary for the determination of the claim of privilege or immunity from production. If the court determines that the document or information is not privileged or subject to any immunity from production, the receiving party shall be able to use the document or information in accordance with governing rules or law.

## REDACTION AND OTHER APPROVED PROTOCOLS FOR PRODUCING CONFIDENTIAL HEALTH INFORMATION

22.  Notwithstanding any provision of this Order to the contrary, in an effort to protect the interests of patients in the confidentiality of sensitive Confidential Health Information (including, without limitation, records of diagnosis or treatment for alcohol or substance abuse, certain sexually transmitted diseases such as HIV/AIDS, mental health, and research pertaining to genetic testing) and to reduce the risk of disclosure of patient identifying sensitive Confidential Health Information, any party or third party responding to any discovery request *may* (but is not required to) redact, remove, or encrypt from any document information that such party or third party believes, in good faith, may directly identify the patient or individual (or subscriber) or any of the relatives, or household members of the patient or individual (or subscriber). Such direct identifiers may include, but are not limited to, the following categories of information: (1) names; (2) street addresses; (3) telephone and fax numbers; (4) electronic mail address; (5) social security numbers (including any member identifiers or health plan beneficiary numbers that utilize or otherwise disclose social security numbers); (6) URLs and IP addresses; (7) full face photographic images and any other comparable images that identify an individual; and (8) biometric identifiers, including finger and voice prints. In the event that any party or third party opts to remove any direct patient identifiers from any production, such party or third party shall, upon reasonable request by the party recipient of the confidential information, provide a key or other method for such recipient to trace the document back to an identifiable patient, whether through claim numbers or otherwise, assuming that the party or third party who has removed any such direct identifiers determines that the production of such key or tracing method would not conflict with any federal or state law governing the production of sensitive Confidential Health Information. Each party reserves and does not waive the right to

15

object to or otherwise challenge any redaction, removal, encryption, or any claim that the production of such key or tracing method would conflict with any federal or state law governing the production of sensitive Confidential Health Information. Nothing set forth in this Paragraph shall be construed to require any party or third party to utilize any of the exclusion or redaction procedures set forth herein with respect to sensitive Confidential Health Information or Confidential Health Information generally.

## **MISCELLANEOUS PROVISIONS**

23. Nothing contained in this Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this case or in any other proceeding.

24. Nothing contained in this Order shall affect the rights of the parties or third parties to object to discovery on grounds other than those related to the protection of Confidential Health Information, nor shall it relieve a party or third party of its obligation to properly respond or object to discovery requests, nor shall it preclude any party or third party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

25. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

26. Nothing contained in this Order shall affect the ability of the parties to alter the time periods set forth in this Order by agreement.

27. Any person requiring further protection of Confidential Health Information may petition the Court for a separate order governing disclosure of its information.

28. The provisions of this Order shall survive the conclusion of this action.

## **COMPLETION OF LITIGATION**

29. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents and copies of all documents produced or supplied by a party or third party which contain Confidential Health Information shall be returned to the party or third party unless: (1) the parties agree to destruction in lieu of return; or (2) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the party or third party that produced or supplied the Confidential Health Information that it has done so.

It is so ordered.


Dated:

    Boston, Massachusetts  _____
                                                   United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. JOHN M. GREABE, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 04-11355-MEL |
| BLUE CROSS BLUE SHIELD ASSOCIATION and ANTHEM BLUE CROSS BLUE SHIELD OF NEW HAMPSHIRE, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER GOVERNING**
**CONFIDENTIAL HEALTH INFORMATION**

I CERTIFY THAT I HAVE RECEIVED A COPY OF THE STIPULATED PROTECTIVE ORDER DATED_____("ORDER").

I FURTHER CERTIFY THAT I HAVE READ AND FULLY UNDERSTAND THE CONTENTS OF THIS ORDER.

I UNDERSTAND AND AGREE TO COMPLY WITH THE STANDARDS AND PROCEDURES WHICH ARE SET FORTH IN THE ORDER. I UNDERSTAND THAT COMPLIANCE WITH THESE STANDARDS AND PROCEDURES IS A CONDITION OF RECEIPT OF CONFIDENTIAL HEALTH INFORMATION AND THAT A FAILURE TO COMPLY MAY CONSTITUTE CONTEMPT OF THE COURT AND/OR A VIOLATION OF APPLICABLE LAWS.

_____
NAME

_____
SIGNATURE

_____
DATE SIGNED